Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*
16 Briarbrook Road, Ossining, NY 10562
Phone (914) 330-1527   *paulcist20@gmail.com*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
**COTINA  WHITE,**

|  |  |
|---|---|
| **Plaintiff,** | **VERIFIED COMPLAINT** <u>**AND JURY TRIAL DEMAND**</u> |
| **-against-** | **INDEX NO. _____** |
|  | **ASSIGNED JUDGE:_____** |
| **TRI - COUNTY  CARE  LLC,** |  |
| **Defendant.** |  |

----------------------------------------------------------x

Plaintiff Cotina White, by and through her attorney, Paul N. Cisternino, as and for her Verified Complaint, alleges as follows:

<u>**INTRODUCTION**</u>

1.  This is an  action  against  the Defendant for the violation of Plaintiff's federally guaranteed constitutional and civil rights and her rights as otherwise guaranteed under law.

2.  Plaintiff seeks monetary compensation  and other damages  for the  wrongful, illegal and unconstitutional acts of the Defendant which violated rights guaranteed to the Plaintiff under various federal and state laws, specifically Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Act of 1972, 42 U.S.C. §2000 *et seq*.,

and the New York State Human Rights Law, New York Executive Law §290 *et seq*.

3.   Plaintiff alleges herein that she was denied the equal terms, conditions and privileges of employment, subjected to discrimination based on her race and/or color, subjected to retaliation, and that she was also victimized by an unlawful termination.

## JURISDICTION AND VENUE

4.   The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5.   The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6.   Plaintiff has satisfied all procedural requirements prior to commencing this action in that she timely filed charges of discrimination with the New York State Division of Human Rights and her complaint was dual filed with the United States Equal Employment Opportunity Commission. Plaintiff requested and received a written Dismissal for Administrative Convenience from the Division, the same was requested from the Commission, and the instant complaint has been filed within sixty days of the receipt thereof.

## PARTIES

7.   Plaintiff at all times relevant herein resided within the State of New York.

8.   Upon information and belief the Defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and New York Executive Law §290 *et seq*.

## ALLEGATIONS

9.   Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. The Plaintiff is a 48 year-old African American female who had been employed by the Defendant as a Care Manager since May 2019.

11. During her period of working for the Defendant the Plaintiff has always acted in a competent and professional manner, without time, attendance, disciplinary nor negative performance issues of any kind (except as to any such matters under dispute herein).

12. Upon information and belief, the Plaintiff was subjected to various types of discrimination, to retaliation, and to an unlawful termination based on her race and/or color.

13. During the relevant time period, the Plaintiff's immediate supervisor was Care Manager Supervisor Kali Fiore (hereinafter "Fiore"), a white female; during the time the Plaintiff worked for her, Fiore treated her in a manner that differed from how non-minority Defendant employees were treated; the Plaintiff was overly scrutinized and subjected to unfair discipline, especially as it related to her eventual termination.

14. The Plaintiff was victimized by various disciplinary actions by the Defendant, including but not limited to, a claimed verbal warning in March 2020, which was in actuality just an informal conversation and this alleged 'verbal warning' was in no way mentioned in Plaintiff's performance evaluation for that time period; a written warning in July 2020; and a second written warning in October 2020.

15. The Plaintiff also experienced problems with Fiore when Fiore disputed

Plaintiff's legitimately earned overtime, which Fiore did not do with other non-minority Defendant employees, and when the Plaintiff refused to engage in questionable reporting practices in reference to Defendant's Monitoring and Support system; Plaintiff's objections as to these issues seemed to anger Fiore.

16. As to the July 28, 2020 written disciplinary warning referenced above, the Plaintiff had merely responded to an email from Fiore seeking a status update for work the Plaintiff had already submitted; when the busy Plaintiff objected to the unnecessary and redundant nature of this request she was somehow cited as being "unprofessional" and "disrespectful."

17. After a follow up meeting on July 30, 2020, the Plaintiff would be placed on a Performance Improvement Plan which would even more closely scrutinize her work, with the review period set to run from July 30 through August 13, 2020.

18. In opposition to the unfair treatment to which she had been subjected, the Plaintiff filed a complaint of discrimination with the New York State Division of Human Rights on or about September 21, 2020; the original filing would be subsequently amended for additional claims in December 2020 and February 2021; in a response to the Plaintiff's filings, the Defendant would erroneously claim that Plaintiff's actions somehow caused two clients to request to switch Care Managers.

19. On or about February 4, 2021, the Plaintiff was informed that she was being terminated; she was never given an adequate explanation from the Defendant for the termination nor was she given the opportunity to present her version of these events.

20. Significantly, Plaintiff's termination closely followed in time the DHR's

issuance of a "15 Day Letter" dated January 15, 2021, which was in response to the Plaintiff's request for a dismissal so the case could be filed in Federal Court, which the Defendant was made aware of through receipt of the letter.

21. It is the Plaintiff's belief that her race and/or color caused this unlawful, discriminatory termination, or that it was in retaliation for her previous complaints and filings; as mentioned, the Plaintiff was never provided the opportunity to offer an explanation for what allegedly occurred, nor, to the Plaintiff's knowledge, was an investigation ever conducted by the Defendant into the circumstances surrounding the termination.

22. To the Plaintiff's knowledge, if the Defendant has a written anti-discrimination policy, they do not properly post it, distribute it or enforce it, nor do they utilize an employee handbook.

23. At the time of her termination, the Plaintiff was making approximately $64,000.00 per year; the Defendant also failed to pay her approximately $6,000.00 in accrued vacation time and approximately $600.00 earned under the Care Manager Incentive Program; since being terminated, the Plaintiff has been unable to obtain replacement employment, despite her good faith efforts to do so.

**AS AND FOR A FIRST CAUSE OF ACTION BASED ON RACE/COLOR
UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT**

24. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "23" as though fully set forth herein.

25. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION BASED ON RACE/COLOR
UNDER NEW YORK EXECUTIVE LAW §290**

26. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "25" as though fully set forth herein.

27. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

## AS AND FOR A THIRD CAUSE OF ACTION BASED ON RETALIATION
## UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT

28. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "27" as though fully set forth herein.

29. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION BASED ON RETALIATION
## UNDER NEW YORK EXECUTIVE LAW §290

30. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "29" as though fully set forth herein.

31. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Cotina White respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award Plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.


**JURY DEMAND**

Plaintiff demands a jury trial for all claims stated herein.

Dated:  Ossining, New York
        April 14, 2021

Respectfully submitted,

Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*


____/S/ Paul N. Cisternino____
Paul N. Cisternino (PC-0317)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**          **INDEX NO. _____**

**COTINA  WHITE, Plaintiff**

**-against-**

**TRI - COUNTY  CARE  LLC, Defendant**

**VERIFIED COMPLAINT AND**

**JURY TRIAL DEMAND**

**Law Office of Paul N. Cisternino, P.C.**
**16  Briarbrook Road**
**Ossining, New York 10562**
**Tel: (914) 330-1527**
*paulcist20@gmail.com*

**- Litigation Back -**